■ In the Matter of CORTLAND COUNTY DEPARTMENT OF SO-CIAL SERVICES, on Behalf of KAYLA M. HALLOCK, Appellant, v MATTHEW D. PERRY, Respondent. [54 NYS3d 714]—

Garry, J. Appeal from an order of the Family Court of Cortland County (Campbell, J.), entered March 21, 2016, which, in a proceeding pursuant to Family Ct Act article 4, among other things, granted petitioner's objection to an order of a Support Magistrate.

Petitioner, on behalf of Kayla M. Hallock, brought a proceeding pursuant to Family Ct Act article 4 seeking child support for Hallock's two minor children. A Support Magistrate issued an order of support requiring respondent, the father of the children, to make such payments. When respondent failed to do so, petitioner filed a petition alleging that respondent

violated the support order. Following a hearing, the Support Magistrate issued an order finding respondent to be in willful violation of the support order and, among other things, directed him to report to the Cortland Works Career Center for training and other assistance in finding employment. Petitioner filed an objection to this order insofar as it directed respondent to report to the Cortland Works Career Center because, as a resident of Broome County, respondent was not eligible for the services provided by this organization. Family Court sustained the objection and directed petitioner to submit a new order striking this requirement and adding a provision that the matter be referred to Family Court pursuant to Family Ct Act § 439 (a). Petitioner appeals.

Petitioner contends that Family Court erred by ruling that the Support Magistrate was without authority to impose sanctions, such as participation in rehabilitative services as was ordered here, for respondent's willful violation of the support order and by requiring, instead, that the matter be referred to Family Court for this purpose. We agree. Family Ct Act § 439 (a) sets forth in detail the powers of support magistrates and provides, in pertinent part, that "support magistrates shall be empowered to hear, determine and grant any relief within the powers of the court in any proceeding under this article." Under Family Ct Act § 454 (3) (b), which is encompassed by the foregoing provision, courts have the authority, upon the willful violation of a support order, to require a respondent's participation in rehabilitative programs such as "work preparation and skills programs." This is the sanction that was imposed by the Support Magistrate here. Contrary to Family Court's determination, Family Ct Act § 439 (a) only requires the confirmation by Family Court of a sanction where a support magistrate recommends the commitment of a respondent, who has willfully violated a support order, to a period of incarceration (*see* Family Ct Act §§ 439 [a]; 454 [3] [a]; 455; *Matter of Washington County Dept. of Social Servs. v Costello*, 111 AD3d 1104, 1105 [2013], *lv denied* 22 NY3d 861 [2014]). In view of the foregoing, the Support Magistrate clearly acted within her authority in imposing a sanction that required respondent to participate in rehabilitative services and it was not necessary for the matter to be referred to Family Court for this purpose. Therefore, that part of the order. directing petitioner to submit a new order referring the matter to Family Court for the imposition of sanctions must be stricken.

Peters, P.J., Devine, Mulvey and Aarons, JJ., concur. Ordered that the order is modified, on the law, without costs, by revers-

ing so much thereof as directed petitioner to submit a new order referring the matter to Family Court pursuant to Family Ct Act § 439 (a), and, as so modified, affirmed.